**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

U.S. WEST, INC.,

    Petitioner,

      v.

FEDERAL COMMUNICATIONS
COMMISSION,

    Respondent.

-------------------------------

AT&T CORP. ("AT&T");
BELLSOUTH CORPORATION;
RICHARD C. BARTEL; SPRINT
CORPORATION, RCN TELECOM
SERVICES, INC.; UNITED STATES
TELEPHONE ASSOCIATION; MCI
TELECOMMUNICATIONS
CORPORATION; BECHTEL &
COLE, CHARTERED,

    Intervenors.

and

SOUTHWESTERN BELL
TELEPHONE COMPANY,

    Petitioner,

      v.

No. 98-9501
(No. 0090-0 : 96-238)
(FCC)

No. 98-9514
(No. 0090-0 : 97-396)
(FCC)

FEDERAL COMMUNICATIONS
COMMISSION; UNITED STATES
OF AMERICA,

Respondents.

----------------------------

TELECOMMUNICATIONS
RESELLERS ASSOCIATION (TRA);
NEW CENTURY TELECOM, INC.;
BELL ATLANTIC; BECHTEL &
COLE, CHARTERED; AT&T
CORPORATION; GTE SERVICE
CORPORATION,

Intervenors.

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

Petitioners U.S. West, Inc., and Southwestern Bell Telephone Company
filed separate petitions for review of FCC orders adopting Rule 1.722(d)(2), and
the petitions were consolidated. We grant Southwestern Bell's motion to
voluntarily dismiss its petition and dismiss U.S. West's petition for lack of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction.

I.

Under the Communications Act of 1934, a person or entity has "the right to press a claim for damages suffered due to violation of the Act [by a common carrier] either in federal court or before the [FCC]." American Tel. & Tel. Co. v. FCC, 978 F.2d 727, 732 (D.C. Cir. 1992) (citing 47 U.S.C. §§ 206-207). If such a complaint is filed with the FCC, the FCC has the responsibility of adjudicating the dispute. See id. (noting the Act "expressly sets up the Commission as an adjudicator of private rights"). In its role as adjudicator, the FCC has authority "to investigate the matters complained of in such manner and by such means as it shall deem proper," 47 U.S.C. § 208(a), to conduct hearings, and to issue orders directing carriers to pay damages to a complainant. 47 U.S.C. § 209.

Orders issued by the FCC adjudicating complaints are binding on the parties. See 47 U.S.C. § 416(c) ("It shall be the duty of every person, its agents and employees, and any receiver or trustee thereof, to observe and comply with [all FCC] orders so long as the same shall remain in effect."). If a party "fails or neglects to obey" an FCC order "other than for the payment of money," both the aggrieved party and the FCC have the right to file suit in federal district court to seek enforcement of the order. 47 U.S.C. § 401(b). Likewise, "[i]f a carrier does not comply with an order for the payment of money within the time limit in such

-3-

order," the complainant has the right to file suit in federal district court to seek enforcement of the order. 47 U.S.C. § 407. Such suits "shall proceed in all respects like other civil suits for damages, except that on the trial of such suits the findings and order of the [FCC] shall be prima facie evidence of the facts therein stated." Id.

In November 1996, the FCC proposed a number of amendments to its rules governing adjudicative procedures. Under proposed Rule 1.722(d)(2), the FCC, in its discretion, after finding a carrier had violated a provision of the Act or an FCC order, could require the carrier to deposit in an interest-bearing escrow account a sum of money to cover part or all of a likely damage award. On November 25, 1997, after receiving comments from interested parties, the FCC adopted a modified version of the rule:

> The Commission may, in its discretion, order the defendant either to post a bond for, or deposit into an interest bearing escrow account, a sum equal to the amount of damages which the Commission finds, upon preliminary investigation, is likely to be ordered after the issue of damages is fully litigated, or some lesser sum which may be appropriate, provided the Commission finds that the grant of this relief is favored on balance upon consideration of the following factors:
> (i) The complainant's potential irreparable injury in the absence of such deposit;
> (ii) The extent to which damages can be accurately calculated;
> (iii) The balance of the hardships between the complainant and the defendant; and
>
> (iv) Whether public interest considerations favor the

posting of the bond or ordering of the deposit.

Following adoption of Rule 1.722(d)(2), U.S. West filed its petition for review pursuant to 28 U.S.C. § 2342(1) and 47 U.S.C. 402(a), challenging the FCC's authority to adopt and implement the rule.

## II.

The FCC contends U.S. West lacks standing to challenge Rule 1.722(d)(2) because it has not ordered U.S. West to make any payment pursuant to the rule and the possibility it will do so in the future "is purely hypothetical." FCC Br. at 6. More specifically, the FCC argues it

> will not impose an escrow or bond requirement unless and until (1) [U.S. West] violate[s] the Act; (2) an aggrieved person files a formal complaint against [U.S. West]; (3) the Commission finds that [U.S. West is] liable for damages; and (4) the Commission exercises its discretionary authority to order [U.S. West] to put money into an escrow or to post a bond.

Id. at 6-7.

In its attempt to demonstrate standing, U.S. West acknowledges it has not been subjected to a Rule 1.722(d)(2) order. However, U.S. West argues it satisfies the "actual injury" requirement because it is a member "of the limited class of entities subject to the FCC's complaint procedures" and thus is "sufficiently likely to suffer injury as a result of the FCC's unlawful imposition of the bond requirement" in Rule 1.722(d)(2). U.S. West's Reply Br. at 3. To bolster its arguments, U.S. West points out there are fourteen complaints pending

against it before the FCC in which the complainants are seeking damages, two of which were filed after adoption of the rule. U.S. West argues since the Act and its associated regulations "are replete with ambiguity and difficult issues of first impression," it "is almost inevitable . . . the FCC will conclude [its] conduct runs afoul of the . . . Act" and will thus impose a bond pursuant to Rule 1.722(d)(2). Id. at 5.

Article III standing is a "threshold, jurisdictional issue." Keyes v. School Dist. No. 1 , 119 F.3d 1437, 1445 (10th Cir. 1997). It requires a plaintiff to "demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." Bennett v. Spear , 520 U.S. 154, 162 (1997) (quotation marks and citations omitted). To satisfy this requirement, the injury cited by the plaintiff "must not be 'abstract,' 'conjectural,' or 'hypothetical.'" Free Air Corp. v. FCC , 130 F.3d 447, 448 (D.C. Cir. 1997) (quoting City of Los Angeles v. Lyons , 461 U.S. 95, 101-02 (1983)); see Lujan v. Defenders v. Wildlife , 504 U.S. 555, 560-61 & n.1 (1992) (to have standing, plaintiff must have suffered a "particularized" injury, meaning "the injury must affect the plaintiff in a personal and individual way").

We conclude U.S. West lacks standing to challenge Rule 1.722(d)(2). U.S. West has not suffered an actual injury and has not demonstrated a sufficient

likelihood of injury. [1] Instead, U.S. West has demonstrated only that it might, at some time in the future and under certain conditions, be subjected to an FCC rule with which it disagrees. This is clearly insufficient to establish standing. See Keyes, 119 F.3d at 1445 ("possible future injury is insufficient to create standing"). Having concluded U.S. West lacks standing to challenge Rule 1.722(d)(2), we need not address the FCC's ripeness arguments.

### III.

Southwestern Bell's motion to voluntarily dismiss its petition for review is GRANTED. U.S. West's petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Although the Supreme Court has held probable economic injury resulting from governmental actions that alter competitive conditions is sufficient to satisfy the Article III "injury-in-fact" requirement, such circumstances are not present here. See, e.g., Clinton v. City of New York, 118 S. Ct. 2091, 2100 (1998); Investment Co. Inst. v. Camp, 401 U.S. 617, 620 (1971).